UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A. MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17 cv 1242   JMB |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is a putative class action suit by a former customer against a telecommunications company related to its privacy practices for customer information. At issue here are a number of interrelated motions pertaining to whether Plaintiff must disclose his full name in a putative consumer class action, as well as the treatment of other "personally identifiable information" about Plaintiff and other potential class members. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (ECF No. 7)

Defendant Charter Communications, Inc. ("Charter") began by filing its Motion to Dismiss and for More Definite Statement (ECF No. 8), alleging that the Complaint is deficient because Plaintiff is identified only as "A. Michael" therein. Plaintiff filed a Response (ECF No. 13) asserting that Plaintiff should be allowed to proceed under the relative anonymity of his first initial. In its reply brief (ECF No. 16), Defendant noted that the Response was filed seven days late and asked that it be struck on that basis. Plaintiff in turn filed a Motion for Leave to File Out of Time (ECF No. 18) regarding the Response, which Defendant has opposed. (ECF No. 20)

Parallel with the line of filings just described, Plaintiff also filed a Motion for Protective

˘ 1 ˘

Order and for Leave to Proceed Anonymously, seeking leave to proceed anonymously "until a class is certified" and for an order that any filings with "personally identifiable information" about Plaintiff or other Charter subscribers be redacted or placed under seal. (ECF No. 14) Defendant has opposed this motion as well. (ECF No. 17)

To cut to the ultimate conclusion, the Court finds that there is no basis for it to allow Plaintiff to proceed anonymously or on any terms other than those generally required of any party filing suit in federal court. Further, the Court finds that a broad protective order such as that proposed by Plaintiff is not warranted at this stage of litigation, but will require redaction of Plaintiff's address from any pleading filed until the Rule 16 Scheduling Conference.

## I.     Plaintiff's Late-Filed Response

As an initial matter, the Court grants Plaintiff's Motion for Leave to File Out of Time. (ECF No. 18) Defendant filed its Motion to Dismiss on June 2, 2017. (ECF No. 8) Under Local Rule 7-4.01, a party opposing such a motion must file its response within seven days of being served with the motion, unless otherwise provided by the rules or by the court. Therefore, in the absence of a request for more time, Plaintiff's opposition was due on June 9, 2017. Plaintiff filed his opposition on June 16, 2017, seven days out of time. (ECF No. 13)

Time computations and extensions of time are governed by Federal Rule of Civil Procedure 6, which allows for a certain amount of discretion in allowing a party to file a response after the deadline has passed, as long as the failure to act is the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The Supreme Court has interpreted "excusable neglect" as an "elastic concept" not limited to circumstances beyond the control of the party. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993). Whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the

party's omission." Id. at 395. Four factors have been held to be of particular importance in weighing the equities: (1) the possibility of prejudice to the opposing parties; (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the reasons for delay, including whether the delay was within its reasonable control; and (4) whether the late-filing party acted in good faith. Sugarbaker v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999)

In his retroactive Motion for Leave, Plaintiff states that the late filing was the result of a clerical error, specifically that counsel accidentally recorded the response deadline "one line below where it should have been" on his calendar. (ECF No. 18 at 1)

On balance, the Court finds that the equities of the situation weigh in favor of allowing the Response to stand despite its late filing. The "reason for delay" weighs against Plaintiff, as it was a basic clerical error completely within his control. However, there is no indication that the error was committed in anything other than good faith. The length of the delay was relatively short, and at this early stage of litigation it does not delay the overall timing of the proceeding.[1] Nor has the delay itself appreciably prejudiced Charter. Finally, as noted by the Eighth Circuit, there is a "judicial preference for adjudication on the merits" rather than on technicalities. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Therefore, the Court will grant the Motion for Leave and take Plaintiff's Response into consideration.

## II. Defendant's Motion to Dismiss and For More Definite Statement

Defendant's Motion to Dismiss presents two separate but related issues relating to identification of Plaintiff. First, it alleges that the Complaint is deficient because Plaintiff has not

---

[1] In its Opposition to the Motion for Leave, Defendant claims that "Plaintiff's delay in seeking this relief was not only seven (7) days late, as claimed in the Motion; rather, it was effectively eighty (80) days late." The focus of the Motion for Leave is the period between when the Response was due and when it was actually filed, which was seven days. Defendant has conflated this with the time it feels Plaintiff should have filed the request to proceed anonymously contained in his Motion for Protective Order. That is a separate issue and is discussed below.

provided his full name in the pleading. (ECF No. 8 at ¶ 10) Second, it alleges that the Complaint lacks other details about Plaintiff (such as address and account number) sufficient to allow Charter to file a meaningful responsive pleading. (Id. at ¶¶ 9, 11)

**A. Plaintiff's Full Name**

In response to the name issue, Plaintiff asserts that he should be allowed to proceed anonymously. As to the additional information, Plaintiff asserts that he has already privately provided Defendant "with his full name, previous addresses to the best of his recollection, and time period during which he was a subscriber of Defendant's services." (ECF No. 13 at 3) Plaintiff then filed a motion for a protective order, requesting that he be allowed to proceed anonymously and with the somewhat nebulous request that all filings with "personally identifiable information" be redacted of such information or filed under seal until the Rule 16 Scheduling Conference takes place.

As an initial matter, Defendant is correct that the Complaint as drafted does not meet the standards for form of a pleading. Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" This has been interpreted as a general requirement that parties to a lawsuit identify themselves in full in their respective pleadings. As the Eleventh Circuit put it, "[t]his rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir.1992)

There are exceptions to this general rule, where a court may allow a party to proceed under something other than their full name. "The decision whether to permit a plaintiff to proceed anonymously is within a court's discretion." W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999). However, courts have generally held that there is a strong presumption against allowing parties to do so. Id. Again, this presumption can be traced back to the public's

"First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." Luckett v. Beaudet, 21 F.Supp.2d 1029 (D.Minn.1998).

Although the Eighth Circuit has not articulated its own standard, the courts here have generally adopted the Eleventh and Fifth Circuits' formulation of a totality-of-the-circumstances balancing test, under which "a plaintiff may proceed anonymously in exceptional cases, where he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Heather K. v. City of Mallard, 887 F.Supp. 1249, 1256 (N.D.Iowa 1995) (quoting Frank and Doe v. Stegall, 653 F.2d 180, 186 (5th Cir.1981)). Although it is by no means an exhaustive list, courts have identified several general circumstances in which plaintiffs have been permitted to proceed under a name other than their own: "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." Doe H.M. v. St. Louis Cty., No. 4:07-CV-2116CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (citing Frank at 323).

Here, the circumstances weigh in favor of the general presumption that Plaintiff must disclose his identity. There is no indication from the Complaint or subsequent pleadings that the case pertains to government action or that Plaintiff is in danger of criminal prosecution. Nor is there any indication that Plaintiff's full name and his status as a (former) customer of Charter is "information of the utmost intimacy" or anything of equivalent import. Indeed, the two non-statutory counts of the Complaint allege that the harm suffered was that Charter's alleged sale of personally identifiable information compromised the Plaintiff's "opportunity to sell his own information for consideration." (ECF No. 1 at ¶¶ 73, 78) Plaintiff's apparent willingness to sell the information himself tends to undercut any argument that it is so private as to outweigh the

public interest in open court proceedings. At most, Plaintiff risks being revealed to the public as a Charter customer, which is hardly the most invasive, damaging, or embarrassing disclosure.[2]

The Court finds that the general presumption in favor of public disclosure of a plaintiff's identity is even stronger in a case which is pled as a putative class action, because the named plaintiff is purporting to represent other members of the public. The Honorable John A. Ross, United States District Judge, offered a thorough analysis of the issue in relation to a putative class action against the operator of the extramarital-affair website Ashleymadison.com. In re Ashley Madison Customer Data Sec. Breach Litig., No. 2669, 2016 WL 1366616 (E.D. Mo. Apr. 6, 2016). In that case, Judge Ross found that there was a sufficient interest in privacy to merit pseudonyms to be used for class members, but not for the named plaintiffs. With regard to the class members, since revelation of their identities would essentially reveal them as philandering spouses and potentially destroy their families and/or careers, the court found that "the possible injury to Plaintiffs resulting from public disclosure of their identities rises above the level of mere embarrassment or harm to reputation." Id. at 4. The court also noted, however, the "significant differences" between the roles of class representative and class member.

> Because class actions determine the rights of absent class members, due process requires the class be fairly and adequately represented. The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. Class representatives have a fiduciary obligation to fairly represent the entire class, and generally receive an incentive award as compensation for work done on behalf of the class.

---

[2] In his later Memorandum in Support of the Motion for Protective Order, Plaintiff suggests a different type of harm may result: that additional sensitive or embarrassing information may be revealed about individual customers, "which may include whether a specific individual subscribed to premium cable channels or ordered specific pay-per-view programs, such as adult entertainment programs or movies." (ECF No. 15 at 4) While such an issue may be the appropriate subject of a future motion for protective order if it does materialize, it does not provide an adequate basis for allowing Plaintiff to proceed through the entirety of the litigation anonymously.
.

Id. (citations and internal quotations omitted). Due to this role as fiduciary representatives of the rights of others, Judge Ross found that the public interest in knowing the named plaintiffs' identities overcame even the important privacy interests he recognized for those who were mere class members. Id. at 4-5. As a result, he required the named plaintiffs to either proceed under their true names or abandon their roles as putative class representatives and participate only as class members.

The Court finds the reasoning in In re Ashley Madison persuasive. Even if there was some heightened interest in the privacy of the class members here, Plaintiff's status as the putative named plaintiff requires that he be the named plaintiff. See also Guifu Li v. A Perfect Day Franchise, Inc., 270 F.R.D. 509, 511 (N.D. Cal. 2010) and Michael v. Bloomberg L.P., No. 14-CV-2657 (TPG), 2015 WL 585592 (S.D. N.Y. Feb. 11, 2015) (both requiring putative class representatives to proceed under their full names). As a result, Plaintiff will be required to amend his pleading to include his full name within the 14 days set forth in Rule 12(e) if he wishes to pursue the case. If Plaintiff chooses not to amend his pleading, the complaint shall be struck and the case dismissed.

**B. Additional Identifying Information**

The second issue raised in the Motion to Dismiss is that Plaintiff did not plead his circumstances with sufficient detail to allow Defendant to determine whether Plaintiff had actually been a customer and whether certain defenses were applicable, most notably whether there was a binding arbitration agreement governing Plaintiff's claims. Defendant asserts that Plaintiff should have pled his full name, address during the relevant time period, and Charter account number, and asks that Plaintiff be required to amend his pleading to include these facts under Rule 12(e). The issue of Plaintiff's name is addressed above. Defendant argues that, in the absence of

Plaintiff's address during the period of Charter's alleged misdeeds or his account number, it cannot frame a response to the Complaint.

The requirements for complaints such as this in Federal court are governed by Rule 8(a), requiring only (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir.1999) (quoting Redland Ins. Co. v. Shelter Gen. Ins. Cos., 121 F.3d 443, 446 (8th Cir.1997)) The notice-pleading standard is intentionally liberal, and is designed to work in concert with the liberal rules on discovery to allow parties to flesh out further details as the case moves forward.

The generosity of the pleading standards does have its limits, however. A party may move for a more definite statement when the original pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." Boswell v. Panera Bread Co., 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015) (quoting Resolution Trust Corp. v. Fiala, 870 F.Supp. 962, 977 (E.D.Mo.1994)).

In its Memorandum in Support of the Motion to Dismiss (ECF No. 9), Defendant argues that without Plaintiff's full name, full address and account number, it cannot be reasonably be required to frame a responsive pleading, because it cannot find Plaintiff in its records without that information. Defendant has received Plaintiff's full name and the address of "two possible buildings where Plaintiff recalled living" from Plaintiff's counsel. (Id. at 3) Detailing its

attempts by reference to an affidavit by one of its managers, Defendant states that it has been "unable to locate Plaintiff in its systems or a Charter account in Plaintiff's name." (Id.)

The crux of Charter's argument is that it cannot find its internal documentation based on the information provided, and it believes that the documentation may contain information pertinent to defenses it would normally raise, such as an arbitration agreement. "Because Charter cannot locate any account in Plaintiff's name, it cannot locate account records, billing records, account history information, notices to Plaintiff, correspondence or opt-out notices from Plaintiff, or any other information needed by Charter to defend this case." (Id. at 4)

By itself, this argument does not provide a basis for relief under Rule 12(e). Presuming Plaintiff chooses to proceed with the case and amend its pleading to include his full name, it will satisfy the notice-pleading standards of Rule 8(a), as it gives the basis for the jurisdiction of this Court, the bases for the claims (that Plaintiff was a Charter customer from 2011 to 2013 whose private information was sold to a third party improperly, based on identified statutory and common-law standards) and a demand for relief.

The standard for adequacy of a complaint cannot be dependent upon the specific needs of a defendant's internal record-keeping system. Charter's inability to search its system for its documents does not prevent it from framing a responsive pleading. Rule 8 specifically provides for situations where a defendant does not have all the facts needed to respond to allegations in the complaint. "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). The expectation is that the party obliged to give such a response will gather sufficient information in the discovery process so that, come dispositive motions or trial, it will be able to determine the truth or falsity of those assertions.

Here, discovery is the more appropriate vehicle to aid Defendant in getting sufficient information to identify its internal documentation. A motion for more definite statement "should not be granted where the information sought is not necessary to form a responsive pleading and can be gained, as in this case, by other means." Hardy v. Bartmess, 696 F. Supp. 2d 1008, 1016 (E.D. Ark. 2010). Between initial disclosures under Rule 26 and Defendant's specific discovery requests, one of three outcomes will take shape:

1. Plaintiff will divulge sufficient information for Defendant to find its file, in which case Defendant will file the appropriate motion to amend its answer, to compel arbitration, or for summary judgment, depending on what documents show;

2. Plaintiff will not be able to provide any evidence that he was a Charter customer or that his information was sold, in which case Defendant will file the appropriate motion for summary judgment because Plaintiff will be unable to prove an element of his claims; or

3. Plaintiff is able to show that he was a Charter customer during the time period alleged and that his information was improperly sold, but for reasons unknown Defendant still cannot find some or all of its file, in which case the litigation will proceed as normal.

The Court is cognizant that Defendant would prefer to assert its defenses at the earliest possible point without going through the expense of discovery, especially if there is something dispositive like a binding arbitration agreement. Efficiency and judicial economy are important values in the modern Federal court system. However, the better method for serving those values while still ensuring that a plaintiff gets their "day in court" is to utilize the flexibility of the discovery plan system to resolve such potential threshold matters first. The Court will be receptive to amendments to add defenses based upon information not currently available which comes to light in the course of discovery. However, the causes of action are adequately pled (with

the addition of Plaintiff's full name) to allow Defendant to frame an answer based on its current state of knowledge.

### III. Plaintiff's Motion for Protective Order

Finally, Plaintiff has filed a Motion for Protective Order and for Leave to Proceed Anonymously. (ECF No. 14) In it, Plaintiff prays for both leave to proceed under his first initial and last name only, as well as a "preliminary and temporary protective order regarding any filings made prior to the hearing regarding the Rule 16 Conference containing any personally identifiable information, including names, addresses, and Charter account numbers." (Id. at 2) As to anonymity for Plaintiff, the Motion is denied for the reasons discussed above.

Under Rule 5.2(e), a court may "for good cause" order redaction of additional information or limit non-parties' ability to access a document (i.e. place it under seal).[3]

As to the request regarding other personally identifiable information, the Court agrees with Defendant that Local Rule 5-2.17 largely addresses any issues regarding arguably private information. Under Local Rule 5-2.17(a), parties are required to redact the following information from documents filed with the Court:

1. The first five digits of Social Security Numbers;
2. The names of minor children;
3. The month and day in dates of birth;
4. Financial account numbers up to the last four digits; and
5. Home addresses of non-parties.

---

[3] Plaintiff cites to Rule 26(c) as the source of the Court's power to require redaction or filing under seal. Rule 26(c) pertains to information sought in discovery. Rule 5.2 is the broader rule and more appropriate to the instant situation involving protection of information apparently exchanged informally between the parties.

As discussed above, being publicly named as a Charter customer is not such an invasion of deeply personal matters so as to overwhelm the First Amendment interest in open court proceedings. Although the point is a close one, the Court would interpret customers' Charter account numbers as falling under the "Financial Account Numbers" provision of the Local Rule for redaction.[4] Finally, the home addresses of the putative class members fall under the redaction requirement of Local Rule 5-2.17(a)(5), as they are non-parties unless and until a class is certified.

Therefore, the only personally identifiable information with any arguable privacy implications covered by Plaintiff's requested motion would be his own address. Defendant has indicated that it has no intent of filing any pleading with such information for the duration of the requested order. (ECF No. 17 at 4) Although almost certainly unnecessary, the Court will order that Plaintiff's address be redacted from any filing with the Court until the Rule 16 scheduling conference is held, in addition to the information already subject to redaction under Local Rule 5-2.17.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Out of Time (ECF No. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and for More Definite Statement is **GRANTED IN PART AND DENIED IN PART**, in that Plaintiff is ordered to file an amended complaint including his full name in the caption within 14 days or face dismissal pursuant to Rule 12(e); and

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Protective Order and for Leave to Proceed Anonymously (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**, in that

---

[4] The Court is unaware of the number of digits in a Charter account number. If this requirement proves to be unduly cumbersome or confusing as the case progresses, the Court would consider limiting redaction of account numbers (e.g. redacting the first five digits).

the parties shall redact Plaintiff's address from any filings with the Court until the Rule 16 Scheduling Conference is held.

All requests in these motions not specifically granted herein shall be deemed denied.

Dated this 30th day of June, 2017.

/s/*John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE