UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEX MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 1242 (JMB) |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On April 10, 2018, the Court ordered plaintiff to show cause why documents he filed under seal should not be placed in the public record. The matter is now before the Court on plaintiff's response.

### I. Background

Plaintiff Alex Michael alleges that defendant Charter Communications, Inc., failed to protect the personally identifiable information of its subscribers. He seeks to certify a nationwide class of individuals who were subscribers between January 2005 and September 2014. During this litigation, plaintiff has endeavored to keep his name and address out of the public record. In an order entered on June 30, 2017, the Court denied his request to proceed anonymously but permitted redaction of his address until the Rule 16 Scheduling Conference. [Doc. # 22]. Plaintiff has subsequently filed under seal five motions and memoranda with numerous attachments, including documents from which the purportedly sensitive information has been redacted.

### II. Discussion

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This right of access bolsters public confidence in the judicial system by

allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and to keep a watchful eye on the workings of public agencies. IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (internal quotations and citations omitted). It also provides a measure of accountability to the public at large, which pays for the courts. Id. The right of access is not absolute, however, and courts have properly denied access, for example, where the records were sought to "gratify spite or promote public scandal," where they functioned only as "reservoirs of libelous statements for press consumption," and where they contained "business information that might harm a litigant's competitive standing." See Nixon, 435 U.S. at 598 (internal quotations and citations omitted).

Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. IDT Corp., 709 F.3d at 1223. In undertaking this balancing, it is necessary to remember that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005)). And, the party seeking to maintain confidentiality bears the burden to establish sufficient grounds for prohibiting public access to the record. Monsanto Co. v. E.I. DuPont De Nemours & Co., No. 4:09CV00686 ERW, 2012 WL 5830580, at *2 (E.D. Mo. Nov. 16, 2012); see also United States v. McDougal, 103 F.3d 651, 657 (8th Cir. 1996) ("[T]here is a common law presumption in favor of public access to judicial records.").

Plaintiff seeks to shield from the public record the addresses of apartments he lived in between July 2007 and May 2009. In response to the Court's show cause order, he agreed to redact these addresses from the documents. Missing from his response is any argument that

these former addresses constitute sensitive information in the first instance. In the absence of such argument, the Court cannot see that addresses from a decade ago constitute competitive business information or would be fodder to "gratify spite or promote public scandal" or "reservoirs of libelous statements for press consumption." Plaintiff has failed to satisfy his burden to prohibit public access to this information.

The Court will direct the Clerk of Court to unseal the documents, with the exception of those marked as confidential pursuant to the parties' protective order. The redacted documents that plaintiff filed in response to the show cause order are thus redundant and the Court will ask the Clerk to strike them. In the future, plaintiff may seek leave to file documents under seal by filing a motion that addresses why specific information should not be in the public record. Finally, the parties are reminded that leave of Court is required to file documents under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court will unseal Documents #36 and all attachments; #37 and attachment 1; #44 and attachments 2 and 3; #52 and attachments 1 and 3 through 8; and #56 and attachment 1.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Document #51 and all attachments.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of July, 2018.