UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX MICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 1242 (JMB) |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for determination of whether plaintiff's claims are time-barred and whether he has standing to proceed. The parties appeared for oral argument and have submitted extensive briefs on these issues. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.     Background**

Plaintiff Alex Michael alleges that he was a subscriber of defendant Charter Communications, Inc., from July 2007 through May 2009. Plaintiff states that defendant advertised and marketed that its services were provided for monthly itemized rates on a no-contract basis. He alleges that, contrary to its representations, defendant failed to disclose that, in addition to collecting subscribers' fees, it would sell to third parties subscribers' personally identifiable information (PII), including names, addresses, and subscription information. In his second amended complaint, plaintiff alleges that defendant sold his PII "numerous times to numerous parties" both while he was a subscriber and after he terminated his service relationship with defendant. Second Amended Complaint at ¶ 17 [Doc. # 33]. He alleges that defendant's actions violated the Cable Communications Act of 1984 (the Cable Act), 47 U.S.C. §§ 551 *et seq.*, and the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010 *et seq.* In addition, plaintiff

asserts common-law claims for conversion and unjust enrichment. He seeks to certify a nationwide class of individuals who subscribed to receive Charter services between January 2005 and September 2014.

## II. Discussion

Plaintiff asserts that defendant committed five violations of the Cable Act. First, Charter failed to deliver privacy notifications, in violation of § 551(a)(1), both when the parties entered into a service agreement (Count I), and at least once a year thereafter during his subscription (Count II). In addition, he alleges that, even if defendant had provided him with its privacy notifications, they were not clearly and conspicuously worded and thus violated § 551(a)(1)(A)-(E) (Count III). He also alleges that defendant failed to obtain his prior written or electronic consent before disclosing his PII, in violation of § 551(c)(1) (Count IV). Finally, he alleges that defendant failed to provide its subscribers an opportunity to prohibit or limit disclosures, in violation of § 551(c)(2)(C) (Count V). In Count VI, plaintiff asserts that defendant violated the MMPA by offering its services without disclosing that his PII would be sold. He also asserts claims for conversion (Count VII) and unjust enrichment (Count VIII) arising from defendant's alleged sale of his PII.

### A. Preliminary Matters

Plaintiff asserts in his statute-of-limitations brief that his claims are brought pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. This assertion is at odds with plaintiff's jurisdictional statement in his complaint [Doc. # 1 at ¶ 6]; first amended complaint [Doc. # 23 at ¶ 5]; and second amended complaint [Doc. # 33 at ¶ 6], in which he asserts that he has "statutory standing" under 47 U.S.C. § 551(f). Nowhere in his pleadings does plaintiff cite diversity of citizenship as the basis of this Court's subject matter jurisdiction nor has he made the required factual allegations regarding the citizenship of all parties and the amount in controversy. Thus, to the extent that plaintiff now insists that his action arises under diversity jurisdiction, it is subject to

dismissal without prejudice. Even if the Court assumes that plaintiff has properly pleaded diversity jurisdiction, however, the analysis of the limitations period that applies to plaintiff's Cable Act claims remains the same. Furthermore, even if a state statute of limitations applies to plaintiff's Cable Act claims, federal common law dictates when his federal causes of action accrued and whether the statute of limitations was tolled.[1] Johnson v. Precythe, 901 F.3d 973, 980–81 (8th Cir. 2018) (discussing § 1983 claim); see Powell v. Tordoff, 911 F. Supp. 1184, 1193–94 (N.D. Iowa 1995) (citing cases); Harris v. Ford Motor Co., 635 F. Supp. 1472, 1473 (E.D. Mo. 1986) ("Questions of when a federal cause of action accrues and whether it is tolled by subsequent conduct are federal questions to be determined by federal law."); see also 19 Charles Alan Wright, *et al*., Fed. Pract. & Procedure § 4519 (3d ed.) ("[F]ederal law usually has been held to govern the time of a claim's accrual, regardless of the source of the limitations period being applied by the court or the basis of the court's subject matter jurisdiction.").

Plaintiff also objects to the Court addressing the statute of limitations issue in the absence of a motion from defendant. The Court notes, however, that defendant asserted in its affirmative defenses that plaintiff's claims were barred by statutes of limitations. Furthermore, a named plaintiff whose claims are time-barred lacks standing to bring an action on behalf of a class. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1102-04 (11th Cir. 2002).

---

[1] In Missouri, for the purposes of statutes of limitations, a cause of action "shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." Mo. Ann. Stat. § 516.100. The Missouri Supreme Court has stated that "the statute of limitations begins to run when the "evidence was such to place a reasonably prudent person on notice of a potentially actionable injury." Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 582 (Mo. 2006), as modified on denial of reh'g (Aug. 22, 2006) (emphasis removed). Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." Johnson v. Precythe, 901 F.3d 973, 981 (8th Cir. 2018) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007) and Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). "[A] plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." Id. (quoting Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998)).

With these preliminary matters addressed, the Court turns to the parties' arguments on the appropriate statute of limitations.

### B. Statute of Limitations

In a declaration submitted on May 31, 2018, plaintiff states that he was a Charter subscriber from July 2007 through May 2009. [Doc. # 56-1]. He never received "a separate written statement informing [him] of [his] privacy rights and how Charter would use [his] personally identifiable information." He never received a privacy statement in any form while he was a Charter customer-subscriber. Id. at ¶ 8. He declares that he "first became aware of Charter's illegal business practices that compromised my privacy rights and personally identifiable information shortly before filing this lawsuit in December of 2016. Prior to December 2016, I was not aware Charter was under a legal obligation to provide me a separate, written statement that clearly and conspicuously informed me of how Charter would use my personally identifiable information or was disclosing my personally identifiable information to third parties. I have never given Charter consent to disclose my personally identifiable information to third parties." Id. at ¶ 10. The declaration does not state that plaintiff ever became aware that Charter disclosed his PII, let alone provide a date by which he learned of an improper disclosure. Plaintiff states in his reply memorandum that his "latest-in-time item of damage . . . occurred in June 2013 or 2014." [Doc. # 66 at 4].

The Cable Act does not include a statute of limitations for private causes of action. See, e.g., Joe Hand Promotions, Inc. v. Mooney's Pub Inc., No. 14-CV-1223, 2014 WL 4748272, at *4 (C.D. Ill. Sept. 24, 2014); J & J Sports Prods., Inc. v. Orellana, No. CIV.A. H-11-0574, 2011 WL 3021861, at *1 (S.D. Tex. July 22, 2011) ("When Congress amended the FCA with the Cable Act in 1984, Congress did not provide a statu[t]e of limitations."); Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc., 98 F. Supp. 2d 958, 960 (N.D. Ill. 2000) ("We begin with the observation that the only reason that there is any dispute about the applicable statute of limitations is that when

enacting . . . the Cable Act, Congress failed to provide a statute of limitations.") While Congress has provided a four-year "default" statute of limitations for any federal statutory cause of action for laws enacted after December 1, 1990, 28 U.S.C. § 1658, the portions of the Cable Act at issue here were enacted in 1984 and this catchall statute of limitations provision does not apply.

When Congress fails or declines to specify a statute of limitations, "[g]enerally, we presume that Congress intended courts to apply the most closely analogous state statute of limitations." Syed v. Hercules, Inc., 214 F.3d 155, 160 (3d Cir. 2000) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983)). The Supreme Court has emphasized that state law is the "lender of first resort" in determining the correct statute of limitations. See North Star Steel Co. v. Thomas, 515 U.S. 29, 34 (1995) (noting that, since 1830, state statutes supplied the periods of limitations for federal causes of action when the federal legislation made no provision). The rule has "enjoyed sufficient longevity that we may assume that, in enacting remedial legislation, Congress ordinarily 'intends by its silence that we borrow state law.'" Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991) (quoting Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 147 (1987) ). "Rooted as it is in the expectations of Congress, the 'state-borrowing doctrine' may not be lightly abandoned." Id. at 356.

The Supreme Court has recognized a "closely circumscribed exception" to the state-borrowing doctrine "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." Reed v. United Transp. Union, 488 U.S. 319, 324 (1989) (internal quotation and citation omitted) (quoting DelCostello, 462 U.S. at 172); see also Lampf, 501 U.S. at 356 (Supreme Court has looked to federal law "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment"); Occidental Life Ins. Co. of Cal. v. EEOC, 432 U.S. 355, 367 (1977)

("State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."); 19 Fed. Pract. & Procedure § 4519 (3d ed.) ("[T]he preference for forum state limitations periods has been compromised during the past few decades by a judicial recognition that in certain federal substantive contexts there are persuasive reasons to consider borrowing the limitations period from another federal statute.")  Thus, "[w]hen a federal law has no statute of limitations, courts may borrow the most closely analogous state statute of limitations, unless doing so would frustrate the policy embodied in the federal law." Dick v. Dickinson State Univ., 826 F.3d 1054, 1058 (8th Cir. 2016).

The question of what statute of limitations applies to the Cable Act's privacy provisions has not been widely litigated.  The Court has reviewed a number of cases brought by cable providers under the Cable Act's antipiracy provisions, 47 U.S.C. § 553 and § 605.  Courts have taken a number of approaches to determining what statute of limitations applies to these claims.  As explained by the court in Joe Hand Promotions, Inc. v. Mooney's Pub Inc., No. 14-CV-1223, 2014 WL 4748272, at *5–6 (C.D. Ill. Sept. 24, 2014), "[t]he trend . . . has been to apply the [federal] Copyright Act's statute of limitations when the closest analogue is the state tort of conversion. . . However, when state law provides a private right of action for cable piracy, the trend is for courts to apply the statute of limitations from state law."  See also Comcast of Illinois X, LLC v. Multi-Vision Elecs., Inc., No. 8:03CV311, 2005 WL 2177070, at *5 (D. Neb. Sept. 8, 2005) (applying the Copyright Act three-year statute of limitations claims that defendants sold cable descrambling equipment).

Plaintiff argues that the Court should borrow from Missouri's five-year statute of limitations for actions "upon a liability created by a statute" or for "taking  . . . any goods or chattels," codified at Mo. Rev. Stat. § 516.120, subsections (2) and (4).  Alternatively, plaintiff argues that Missouri

provides a closely analogous statute at § 362.422. This statute authorizes the promulgation of regulations governing financial institutions' notice and confidentiality obligations as set forth in the Gramm-Leach-Bliley Act (GLBA). See Mo. Code Regs. Ann. tit. 20, § 100-6.110. While the subject matter of § 362.422 is similar to the Cable Act's notice and privacy provisions, it does not have a statute of limitations and thus is of little utility for the present task. Plaintiff argues that a claim under § 362.422 would be governed by the statute of limitations at § 516.120(2), which applies actions for a "liability created by a statute." Section 362.422 does not create a private cause of action, however, and thus cannot give rise to a "liability created by statute." See Columbian Bank and Trust Company v. Daniel H. Miller, P.C., *et al.*, No. 07-4123-CV-C-SOW ("The GLBA does not provide for a private cause of action and neither does Section 362.422 RSMo.") [Doc. # 65-1]. The Court rejects plaintiff's assertion that § 362.422 is a closely analogous statute and concludes that application of Missouri's general statute of limitations, § 516.120, is appropriate only if there is not a closely analogous federal statute.

Defendant argues that the Truth in Lending Act (TILA) is a closely analogous statute and asks the Court to apply its one-year statute of limitations, found at 15 U.S.C. § 1640(e). For support, defendant cites Scofield v. Telecable of Overland Park, Inc., 751 F. Supp. 1499, 1508 (D. Kan. 1990), rev'd on other grounds, 973 F.2d 874 (10th Cir. 1992). Similar to the claims asserted here, the plaintiffs in Scofield alleged that TeleCable failed to provide privacy disclosure statements in violation of § 551(a)(1), that the privacy notices did not meet statutory requirements in violation of § 551(a)(1)(A)-(E), and that TeleCable did not destroy PII as required by § 551(e).

In determining what statute of limitations to apply to the Cable Act claims, the Scofield court noted the general rule: "[W]hen a federal statute upon which a claim is based does not specify a limitations period, the court will apply the most appropriate state statute of limitations 'if it is not inconsistent with federal law or policy to do so.'" Id. (quoting Wilson v. Garcia, 471 U.S. 261,

266–67 (1985)). The court also noted, however, that the Supreme Court has "endorsed the practice of applying limitations periods derived from analogous federal statutes when, for example, federal policies at stake favor application of a federal rule." Id. (citing Agency Holding Corp. v. Malley–Duff & Assoc., Inc., 483 U.S. 143, 148 (1987)). "In determining whether a federal limitations period should be borrowed, two factors are particularly relevant: (1) the availability of a limitations period in a closely analogous federal statute, and (2) when application of a federal limitations period is consistent with available indications of Congressional intent." Id. (citing Wilson, 471 U.S. at 270).

Applying this two-factor test, the Scofield court determined that both factors favored the application of the one-year statute of limitations from TILA. Id. at 1509-10. With respect to the first factor, the court noted that TILA and § 551 both "share the same general purpose of requiring meaningful disclosure of information to consumers," "provide that such disclosure should be clear and conspicuous," and have "somewhat similar" civil enforcement provisions. Id. at 1510. With respect to the second factor, the Scofield court found "that available indications of Congressional intent behind the Cable Act favor the application of a uniform federal limitations period. Congress had several purposes in mind in enacting the Cable Act, including to 'establish national policy and guidelines for the rapidly expanding cable television industry,' and to eliminate any unnecessarily burdensome state regulation of the industry." Id. (citations omitted). "[S]ection 551 was intended to 'create a nationwide standard for the privacy protection of cable subscribers. . .'" Id. (citing H.R. Rep. No. 934, 98th Cong., 2d Sess. 76 (1984), *reprinted in* 1984 U.S. Code Cong. & Admin. News 4655, 4713). The court also found that there was a substantial federal interest in applying a uniform limitations period to all private actions brought under the Cable Act privacy protections. Id. at 1511. Based on "the federal uniformity concerns expressed in the Cable Act and specifically in enacting section 551, the court finds that applying the federal TILA limitations period, rather than

either the state tort or the state version of TILA, would be most consistent with Congressional purposes." Id. at 1510.

In this case, plaintiff has not cited an analogue state statute that creates a private cause of action for violation of privacy and disclosure laws. The Court finds that federal law — that is, TILA — "clearly provides a closer analogy than available state statutes." See Reed, 488 U.S. at 324. The Court also agrees with the Scofield court that the federal interest in a nationwide standard for the privacy protection of cable subscribers is best served by the application of a single statute of limitations. Accordingly, the Court will adopt the reasoning in Scofield and apply TILA's one-year statute of limitations to the claims asserted here.[2] See also Wilson v. Am. Cablevision of Kansas City, Inc., 133 F.R.D. 573, 574 (W.D. Mo. 1990) (analogizing to TILA to address availability of class action for § 551 claims); Warner v. Am. Cablevision of Kansas City, Inc., 699 F. Supp. 851, 859 (D. Kan. 1988), cause dismissed and remanded (Jan. 4, 1989) (finding "that Congress intended section 551 of the Cable Act to operate as a 'private attorney general' statute, similar to the Truth–in–Lending Act").

Plaintiff claims in Counts I, II, and III that Charter failed to provide him with adequately-worded notice of his privacy rights at the time he subscribed in 2007 and once a year for the next two years that he maintained his subscription. These claims accrued while plaintiff's subscription was in force. Johnson, 901 F.3d at 981 (claim accrues "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.") The fact that plaintiff did not learn until December 2016 that Charter was legally obligated to provide statutory notice is not significant. See McDonough v. Anoka Cty., 799 F.3d 931, 943 (8th Cir. 2015) (holding that claims under the Drivers Privacy Protection Act accrue when personal information is

---

[2] Plaintiff argues that Scofield cannot be applied here because it was reversed on appeal. On appeal, however, the Tenth Circuit reversed the district court's finding that TeleCable's privacy notices did not satisfy the requirements of § 551(a)(1), without addressing the district court's analysis of the statute of limitations. Scofield v. TeleCable of Overland Park, Inc., 973 F.2d 874, 881 (10th Cir. 1992).

improperly accessed, even though drivers did not know of alleged access); see also Foudy v. Miami-Dade Cty., Fla., 823 F.3d 590, 593–94 (11th Cir. 2016) ("[I]n the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations.")  These claims are plainly time-barred.  See Scofield, 751 F. Supp. at 1511 (claims arising from cable company's failure to provide privacy notices at installation two and four years before filing suit were time-barred).  With respect to plaintiff's claims in Count IV and V that defendant did not obtain his consent before disclosing his PII or provide him with the opportunity to prohibit or limit disclosures of his PII, the Court notes that plaintiff has not identified what PII defendant disclosed, when it disclosed it, or when plaintiff learned of the disclosure.  But, taking at face value his assertion in his reply memorandum that his "latest-in-time item of damage . . . occurred in June 2013 or 2014," plaintiff's claims in Count IV and V were time-barred when he filed suit in April 2017.

Although plaintiff asserts that he is entitled to tolling of the statute of limitations, he has confined his analysis to consideration of when his claims accrued.  [Doc. # 62 at 6-7, 10, 12].  A litigant asserting federal claims is entitled to toll the statute of limitations "only if the litigant establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755, 193 L. Ed. 2d 652 (2016).  The circumstances in this case do not meet the requirements for equitable tolling.

The Court finds that plaintiff's claims under the Cable Act are time-barred.  The Court will decline to exercise supplemental jurisdiction over plaintiff's claims arising under state law. Because all claims will be dismissed, the Court need not address whether plaintiff has established that he has standing to proceed in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims under the Cable Act, 47 U.S.C. § 551, asserted in Counts I through V, are dismissed as time-barred.

**IT IS FURTHER ORDERED** that plaintiff's state-law claims, asserted in Counts VI through VIII, are dismissed without prejudice.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2019.